(15 Misc. Rep. 447.)

NICHTAUSER et al. v. LEHMANN.

(City Court of New York, General Term. January 28, 1896.)

REFERENCE—MOTION TO VACATE ATTACHMENT.
    Under Code Civ. Proc. § 3172, providing that the court may direct a reference on the questions of fact, arising on a motion, in any stage of an action, a reference may be ordered to determine disputed questions of fact arising on a motion to vacate an attachment.

Appeal from special term.

Action by William Nichtauser and another against Sigmund S. Lehmann. From an order directing a reference, plaintiff appeals. Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Samuel I. Frankenstein, for appellants.
Otto Irving Wise, for respondent.

FITZSIMONS, J. An attachment was issued in favor of the plaintiff, upon the ground that the defendant has assigned, disposed of, or secreted, and is further about to assign, dispose of, or secrete, his property, with intent to defraud his creditors. The defendant moved upon the merits to vacate said attachment, and the questions of fact were sent to a referee to hear and determine. He reported in favor of the defendant, vacating the attachment, and his report was duly confirmed, with $10 costs and $660 disbursements, the latter being the referee's and stenographer's fees; and from the order so made, this appeal is taken. The special term justice certainly

had the right to refer the disputed questions of fact upon the motion in question to a referee for his determination.    See section 3172, Code Civ. Proc.[1]    As to the referee's and stenographer's fees, it was agreed between the attorneys for the plaintiff and the defendant that the successful party upon the reference would pay the same, and, having done so, it was proper to enter in the order such fees, and tax the same against the unsuccessful party.    The referee was right in vacating the attachment, as the testimony certainly shows that the plaintiff failed to sustain the charge made against the defendant, and upon which he received the attachment, and the order appealed from, therefore, is affirmed, with costs.